# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DISTRICT

| | | |
|---|---|---|
| ENTERPRISE BANK & TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-1188 CAS |
| | ) | |
| CENTRUE BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant/counter plaintiff Centrue Bank's ("Centrue") motion for leave to file first amended counterclaims. Plaintiff/counter defendant Enterprise Bank & Trust ("Enterprise") opposes the motion. For the following reasons, the motion will be granted.

Centrue files its motion for leave to file its amended counterclaims after reviewing the initial disclosures filed by Enterprise pursuant to Rule 26(a). Centrue states that through these disclosures it has learned additional facts in support of its counterclaims. Enterprise opposes the motion for leave to amend, stating that the amended counterclaims fail to cure the deficiencies of the original and that Centrue has stated only one substantive addition. Currently pending before the Court is Enterprise's motion to dismiss Centrue's original counterclaim.

"Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given when justice so requires. Unless there is a good reason for denial, such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted. There is no absolute right to amend. However, a motion to amend should be denied on

the merits only if it asserts clearly frivolous claims or defenses. Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous. Whether to grant a motion for leave to amend is within the sound discretion of the court." Becker v. University of Neb. at Omaha, 191 F.3d 904, 907-08 (8th Cir. 1999) (internal quotations and citations omitted).

Here, Centrue seeks to file its amended counterclaims well in advance of the July 1, 2016 deadline for amending such pleadings. The Court finds no undue delay or bad faith motive on the part of Centrue, and finds no prejudice to Enterprise in allowing the proposed amendment. The amendment cannot be characterized as clearly frivolous, and the Court finds no reason to deny leave to file such amendment. For these reasons, the Court will grant Centrue leave to file its proposed amended counterclaims. The First Amended Counterclaims attached to Centrue's motion, however, contains a "DRAFT" stamp on its title page. The Court will order Centrue to file a clean version of the First Amended Counterclaim, without such stamp.

**IT IS HEREBY ORDERED** that defendant/counter plaintiff Centrue Bank's motion for leave to file first amended counterclaims is **GRANTED**. [Doc. 24]

**IT IS FURTHER ORDERED** that plaintiff/counter defendant Enterprise Bank & Trust's motion to dismiss Centrue Bank's original counterclaim is **DENIED as moot.** [Doc. 14]

**IT IS FURTHER ORDERED** that Centrue Bank shall file a non-stamped version of its First Amended Counterclaims on or before March 25, 2016.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 23rd day of March, 2016.